**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANOI BARBARO ACOSTA,<br>Petitioner,<br>v.<br>C. LEPE, Warden, et al.,[1]<br>Respondents. | Case No. 5:24-cv-01630-SPG-SSC<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation of the United States Magistrate Judge (ECF No. 35 ("Report")). The Court has also reviewed Petitioner Hanoi Barbaro Acosta's Objections to the Report (ECF No. 42 ("Objections")) and Respondents' Reply to the Report (ECF No. 43). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections may have been made.

[1] As the United States Magistrate Judge's Report and Recommendation previously noted, C. Lepe is the Warden of the Federal Correctional Complex in Victorville, California, where Petitioner was housed at the time of the filing, so he is substituted in as the proper Respondent. (ECF No. 35, at 1 n.1 ("Report")).

The Report recommends the denial of the Petition, which challenges Petitioner's loss of 14 days of good-time credits as a prison disciplinary sanction for refusing a work or program assignment. (Report). Petitioner's Objections do not merit a different result.

First, Petitioner objects that the Report did not properly apply the factors of *Wolff v. McDonnell*, 418 U.S. 539 (1974), in a way that meaningfully addresses Petitioner's due process claim. (Objections at 4–8.) Specifically, Petitioner objects that the Report did not address the "overarching question of whether the reason for the proposed discipline is lawful, and thus one to which [Petitioner] can rightfully be held to answer." (*Id.* at 5). The proposed discipline was unlawful, according to Petitioner, because it was charged for his refusal to obey an order to "enter the general population despite the known risk that he was in danger of physical injury or death from members of his former gang." (*Id.* at 2).

Petitioner's objection is not persuasive. In the prison context, due process requires "some evidence" of guilt to support a disciplinary finding, requiring only a "modicum of evidence" to support a decision to revoke good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) (declining to adopt a more stringent evidentiary standard). As other district courts in this Circuit have reasoned, "[i]nmates are not allowed to pick and choose orders they will obey." *Dao v. Tabor*, No. 2:22-cv-00846 TLN CSK P, 2024 WL 2259138, at *8 (E.D. Cal. May 17, 2024), report and recommendation adopted, No. 2:22-cv-00846-TLN-CSK, 2024 WL 4268095; *see also Manago v. Martinez*, No. 5:21-cv-01939-MCS-KES, 2023 WL 8604192, at *7 (C.D. Cal. Oct. 6, 2023) ("Inmates cannot countermand lawful orders"), report and recommendation adopted, No. EDCV 21-01939-MCS-KESx, 2023 WL 8602258 (C.D. Cal. Dec. 12, 2023). Here, the proposed discipline was based on the incident report, which lacked any statement from Petitioner explaining his refusal of the order to enter the general population. (ECF No. 30-2 at 20–21). Nor did Acosta's prior write-ups reflect this reasoning. *See* (*id.* at 27). Moreover,

Petitioner repeatedly declined to identify this "known risk" to his safety to the BOP officer conducting the initial investigation and the disciplinary committee reviewing his incident report. (Report at 3).

Petitioner was advised of his rights both at the time of the incident report and once the charge was referred to the Discipline Hearing Officer. (Report at 3–4). At no point in his disciplinary proceeding did Petitioner raise the argument that he refused to obey the order because it would endanger his safety. "Indeed, Petitioner neither offered witnesses nor documentary evidence and did not appear at the hearing [before the Discipline Hearing Officer,] despite having been advised of his right to do so." (Report at 10 (citations to record omitted)). Additionally, although Petitioner now argues that raising a defense to the disciplinary charge "was an exercise in futility from the start" (Objections at 7), the argument is unsupported by the record. The disciplinary officer did not consider the argument because Petitioner failed to bring the argument to the officer's attention. *See Witkin v. Arnold*, 757 F. App'x 561, 563 (9th Cir. 2018) (no due process violation from a prisoner's alleged inability to call witnesses at a disciplinary hearing where the testimony was based on what the prisoner "*might* have known but not told the officer") (emphasis in original).

Petitioner next objects that he "did not make a standalone claim that the [Bureau of Prisons' ("BOP")] order violated the law." (Objections at 8). The objection refers to the Report's analysis that Petitioner's claim, which the Magistrate Judge construed as Petitioner alleging that the order requiring Petitioner to enter the general population violated the BOP's obligations under federal law, was not cognizable on federal habeas review. (Report at 11–13). Petitioner objects that, "[i]nstead, [Petitioner's] pleadings . . . make clear that [Petitioner] was not challenging the factual determination that he refused to enter Gen Pop., but the legal determination, or lack thereof, as to whether, under the circumstances, he was legally justified in refusing." (Objections at 8). As stated above, however, Petitioner refused to participate in his disciplinary proceedings and therefore did not give the

disciplinary hearing officer an opportunity to consider why Petitioner refused to obey the order. Thus, Petitioner has not shown that his due process rights were violated.

Petitioner also argues that the Court should construe his claim as including an Eighth Amendment argument that his credit loss was cruel and unusual. (Objections at 8–9). Petitioner, however, did not argue in his Petition that the credit loss violated the Eighth Amendment. (ECF No. 1 ("Complaint") at 22–24). Instead, Petitioner raised this Eighth Amendment theory for the first time in his Reply to the Petition. (ECF No. 32 ("Reply") at 12 n.2). The Court agrees with the Report that the Court should decline to construe Petitioner's claim as raising an Eighth Amendment challenge to the loss of good-time-credits, given the circumstances in which he raised it. (Report at 14.) As other courts in this District have held, "it is improper to attempt to change the substance of a claim through a [t]raverse [factual denial] and to assert, as Petitioner has done, a new claim distinct from that alleged in the original petition." *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1032 n.17 (C.D Cal. 2010) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)). Moreover, even if this Court were to assume that Petitioner properly raised an Eighth Amendment theory as to the loss of his credits, the Report made an alternative finding that the claim is not cognizable. (Report at 15–17).

Petitioner objects to the Report's alternative finding that an Eighth Amendment claim, under the circumstances, is not cognizable. (Objections at 10). The Report found that the Eighth Amendment claim is not cognizable because Petitioner's argument for that claim was that he was endangered by his proximity to members from his former gang, *see* (Reply at 12 n.2), which was a civil rights claim challenging a condition of confinement rather than a habeas claim challenging the fact or duration of his custody. (Report at 15–16). Petitioner now objects that his Eighth Amendment claim "centers around the government choosing to increase his sentence without legitimate grounds, which makes the precedent for the ultimate

revocation of his good time credits unlawful." (Objections at 10). This was not the same proximity theory that Petitioner raised in his Reply. *See* (Reply at 12 n.2).

Moreover, Petitioner's new characterization of his claim, as a "choice to increase his sentence" through the revocation of good-time credits, does not implicate the Eighth Amendment. *See Rogers v. Bilderback*, No. 2:19-cv-09507-AB-JC, 2020 WL 3874873, at *5 (C.D. Cal. Mar. 11, 2020) ("[T]he Eighth Amendment does not protect against the loss of good-time credits") (citing *United States v. Brown*, 59 F.3d 102, 104–05 (9th Cir. 1995) (loss of good time credits is not "punishment" for purposes of double jeopardy because it serves remedial goals, and even if it were punitive, it does not alter the original sentence)). For the foregoing reasons, the Court overrules Petitioner's objections.

**ORDER**

It is ordered that (1) the Report and Recommendation is accepted and adopted: and (2) Judgment will be entered denying the Petition and dismissing this action with prejudice.

DATED: August 17, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE